IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAHDI YAQUB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-01561-E |
| | § | |
| TEXAS A&M UNIVERSITY-COMMERCE, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On August 30, 2022, this case was closed. The Court now REOPENS this case to enter the following orders, remanding the case back to State Court.

**I.**

Before the Court is Plaintiff's Motion to Remand Case to State Court. (Doc. 7). Defendant responded, stating that "Defendant does not oppose Plaintiff's Motion." (Doc. 10 at 1). On August 30, 2022, the Parties filed a Joint Stipulation of Dismissal, which provides, in pertinent part:

> To the extent that Plaintiff's pleadings may be construed to plead any claims under federal law, including but not limited to the ADA, ADEA, and Title VII, Plaintiff and Defendant hereby stipulate to the dismissal with prejudice of all such federal claims.

(Doc. 9 at 1). Thus, although the Parties dismissed with prejudice claims under federal law, the claims asserted under state law remain unadjudicated by this Court.

**II.**

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the

action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). "Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). Federal courts "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Settlement Funding, L.L.C.*, 851 F.3d at 537 (internal quotation and citation omitted). "[I]f the record does not contain sufficient evidence to show that subject matter jurisdiction exists, 'a federal court does not have jurisdiction over the case.'" *Settlement Funding, L.L.C.*, 851 F.3d at 537 (internal quotation and citation omitted).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). The party seeking to assert federal jurisdiction has the burden of proving the facts establishing subject-matter jurisdiction by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrios*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted). Thus, when a suit is removed based on diversity jurisdiction, the removing party must establish by a preponderance of the evidence that: (i) the amount in controversy exceeds $75,000; and (ii) all person on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted).

### III.

Plaintiff's Motion to Remand purports that this case has neither federal question jurisdiction nor diversity jurisdiction. After review of the State Court Petition, (Doc. 1-4 at 3-22), the briefing from the Parties, and the joint stipulation, the Court concludes there is neither federal question jurisdiction nor diversity jurisdiction in this case as (i) there are no remaining federal claims; (ii) as plead, the Plaintiff and Defendant are both citizens of Texas; and (iii) the record does not otherwise support diversity of citizenship between Plaintiff and Defendant. Therefore, the Court lacks jurisdiction over the Parties' remaining claims.[1] The Court GRANTS Plaintiff's Motion to Remand.

### IV.

For the reasons discussed above, IT IS ORDERED THAT this case is REMANDED to the 298th Judicial District Court of Dallas County, Texas, Cause No. DC-22-05483, for further proceedings. Furthermore—having granted Plaintiff's Motion to Remand—the Unopposed Motion to Reopen and Remand Case to State Court, (Doc. 11), is DENIED as moot.

**SO ORDERED.**

3rd day of May, 2023.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Nothing in the record supports exercise of supplemental jurisdiction. *See* 28 U.S.C.A. § 1367; *see, e.g., Charter Escrow Co. v. Threlkeld & Co. Ins. Agency*, No. CIV.A. 3-01CV1039N, 2002 WL 32332547, at *3 (N.D. Tex. Nov. 7, 2002) ("A court obtains power to hear a state law claim under pendent or supplemental jurisdiction if 1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and 2) the state and federal claims derive from a common nucleus of operative fact.") (citing *Gibbs v. United Mine Workers*, 383 U.S. 715, 725 (1966)).